NICHOLS KASTER, PLLP
Rebekah L. Bailey, CA Attorney No. 258551
E. Michelle Drake, MN Bar No. 0387366*
   *(*admitted pro hac vice*)
bailey@nka.com
drake@nka.com
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870

NICHOLS KASTER, LLP
Matthew C. Helland, CA Attorney No. 250451
Helland@nka.com
One Embarcadero Center, Suite 720
San Francisco, CA 94111
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

ERVIN, COHEN & JESSUP, LLP
Eric W. Cheung, CA Attorney No. 235008
echeung@ecjlaw.com
9401 Wilshire Blvd, Ninth Floor
Beverly Hills, CA  90212
Telephone: (310) 273-6333
Facsimile:  (310) 859-2325

Attorneys for Individual and Representative Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| KENT FARMER, as an individual and as a representative of the classes,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>Defendants. | Case No.:  8:11-cv-00739-CJC-RNB<br><br><br><br>**JOINT RULE 26(f) REPORT** |

Plaintiff Kent Farmer ("Plaintiff") and Defendants Bank of America, N.A. and BAC Home Loans Servicing, L.P. ("Defendants") (collectively "the parties"),

-1-
JOINT RULE 26(f) REPORT

jointly submit the following discovery plan pursuant to Federal Rule of Civil Procedure 26(f):

## BRIEF SUMMARY OF CLAIMS

<u>Plaintiff's Allegations</u>:

Plaintiff entered into a mortgage agreement with Defendant Bank of America, N.A. to obtain credit pursuant to section 50(a)(6), Article XVI, of the Texas Constitution. Defendant BAC Home Loans Servicing, L.P. services the loan. Plaintiff's mortgage agreement explicitly exempts him from having to obtain hazard insurance. Thus, Defendants are not authorized to require him to obtain hazard insurance, nor are they authorized to force place him with insurance.

Nonetheless, Defendants represented to Plaintiff that he was required carry hazard insurance for his property. When Plaintiff's own hazard insurance policy expired, Defendants force placed[1] a hazard insurance policy on Plaintiff and charged him for the premiums associated with the policy Defendants purchased. In conjunction with this force placement, Defendants misrepresented that they had contractual authority to force place insurance under Plaintiff's mortgage agreement. To escape the exorbitant premiums associated with Defendants' force placed hazard insurance, Plaintiff obtained his own insurance coverage. Plaintiff has been damaged in the amount of the insurance premiums he paid for the force placed insurance and also in the amount of the premiums he paid for the insurance he acquired in the private market (at Defendants' behest).

As a result, Plaintiff brings claims for fraud and breach of contract. Plaintiff was also recently granted leave to amend to add claims under the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41, *et seq.* (ECF No. 34.) Plaintiff also seeks to certify a class of Texas mortgagors who are subject to Bank of America's practices as a class action pursuant to Federal Rule of Civil

---

[1] The practice of banks purchasing insurance for mortgagors is referred to as "force placement" of insurance. Such insurance is called "force placed" insurance.

Procedure 23.  On behalf of himself and the class, Plaintiff seeks both injunctive and monetary relief.

Defendants' Response:

Defendants deny that they have engaged in any unlawful conduct or that they are liable to Plaintiff in any respect.  Defendants also deny that class certification is appropriate in this case.

## CONFERENCE

The following persons participated in a Rule 26(f) conference on August 23, 2011 by means of a telephone conference:  Rebekah L. Bailey and E. Michelle Drake for the Plaintiff, and Matthew G. Lindenbaum and David S. Kantrowitz for the Defendants.

## INITIAL DISCLOSURES

The parties will exchange the initial disclosures required by F. R. Civ. P. 26(a)(1) no later than September 15, 2011.

## DISCOVERY

1. **Discovery Topics**: Discovery will be needed on these subjects:
   - The appropriateness of class certification, including the number of class members, the commonality and predominance of the issue in this lawsuit, the typicality of Plaintiff's claims and his ability to adequately represent the putative class, the superiority of the class mechanism, and other factors which are relevant to the Court's analysis pursuant to Rule 23;
   - The contents of Plaintiff and the putative class's Homestead Lien Contract and Deed of Trust, and related documents;
   - Defendants' records regarding Plaintiff and the putative class's hazard insurance coverage, including the dates of coverage,

premiums paid, coverage amounts, and whether Defendants force placed the policies;

- Defendants' communications to class members regarding hazard insurance and Defendants' policies, practices and requirements with respect to hazard insurance;
- Whether Defendants had the authority to require Plaintiff and the putative class to obtain hazard insurance;
- Whether Defendants had the authority to force-place Plaintiff and members of the putative class with hazard insurance;
- The circumstances surrounding Defendants' force-placement of insurance on Plaintiff and members of the putative class;
- Whether the subject property actually qualifies as Plaintiff's "homestead" under Texas law;
- Whether Plaintiff has suffered any damages as a result of the conduct alleged in his Third Amended Complaint; and
- Whether Plaintiff complied with the terms of the Homestead Lien Contract.

In addition, and as discussed in Section 5 below, Defendants believe that discovery should be bifurcated with respect to class certification and merits-based discovery.

2. **Discovery Limitations**: The parties do not presently request any changes in the limitations on discovery set forth by the Federal Rules of Civil Procedure

3. **Electronic Discovery:** The parties discussed disclosure or discovery of electronically stored information, and agreed it should be handled as follows:

Unless otherwise requested, Plaintiff and Defendants will produce documents in the single-page Group IV Tiff format, accompanied by a

Summation DII load file, or if unavailable, a load file in one of the following formats: Doculex (.dbf), IPRO (.lfp), orOpticon (.log, .opt). Database files shall be produced in one of the following electronic formats: SPSS, SAS, dBASE file format (II, III, or IV), ASCII text file, Excel or Access. The parties may meet and confer and agree to production by other methodologies with respect to specific documents or document-types, e.g. for databases or hard drives.

4. **Privilege or Protection of Trial Preparation Materials**

The parties agree that materials produced in litigation are sensitive and should be protected from public disclosure. The parties hope to reach agreement on the terms of a protective order which will allow for the designation of materials as confidential and govern their disclosure. Defendants have provided Plaintiffs with a draft of such an agreement. The parties also intend to discuss privilege logs and may enter into an agreement as to whether such a log is required for post-litigation communications between counsel and clients.

5. **Case Complexity:**

Plaintiff has pled this case as a class action. The parties have agreed to bifurcated discovery with a "class certification" phase and a "merits" phase. The parties recognize that overlap exists between issues relating to merits and to class certification, and thus the parties will work diligently to resolve any disputes as to whether particular information is discoverable during the class certification phase.

6. **Motions Schedule**

The parties propose the following schedule:

a. Discovery Commences: <u>August 23, 2011</u>;

b. Defendants to file a motion, if any, to transfer venue: <u>September 30, 2011</u>;

c. Plaintiff to file a motion for class certification if any: January 9, 2012;

d. If either side intends to use expert testimony in support of its position on class certification, such experts must be identified and their reports disclosed by: December 2, 2011;

e. Merits discovery to begin on the date the Court issues an order as to class certification;

f. Non-Expert Discovery Closes: 120 days after class certification motion is decided;

g. Non-Expert Related Non-Dispositive Motions Filing Deadline: All non-expert discovery related motions and/or motions to amend the pleadings or join parties shall be filed no later than 120 days after Plaintiff's class certification motion is decided;

h. Expert Disclosures: Experts the parties intend to use for purposes of supporting or opposing class certification must be identified and reports disclosed pursuant to Fed R. Civ. P. 26(a)(2) on or before the date listed above in subsection (d). Experts the parties intend to use for some other purpose must be identified and reports disclosed pursuant to Fed R. Civ. P. 26(a)(2) no later than 150 days after the court rules on Plaintiff's motion for class certification. Rebuttal experts, if any, must be identified and reports disclosed pursuant to Fed. R. Civ. P. 26(a)(2) no later than 180 days after class certification;

i. Expert discovery closes: 210 days after the court rules on Plaintiff's class certification motion;

j. Expert Related Non-Dispositive Motions Filing Deadline: Motions pertaining solely to experts (i.e. *Daubert* motions or motions to compel or seeking protection from expert related discovery) shall be due no

later than <u>210 days</u> after the court rules on Plaintiff's class certification motion;

      k.   Dispositive Motions Deadline: Dispositive motions shall be filed no later than the later of <u>240 days</u> after the court rules on class certification <u>or 30 days</u> after the court rules on any pending non-dispositive motions; and

      l.   Trial: the later of <u>60 days</u> after the court rules on dispositive motions or the court's first available trial date.

## SETTLEMENT

The parties have discussed the possibility of settlement, but have not scheduled any settlement discussions. The parties agreed to revisit the discussion during the preliminary stages of discovery. If the parties do agree to engage in settlement discussions, then proceedings before a third-party qualified mediator, selected by the parties, are preferred.

## TRIAL

Plaintiff anticipates the length of a jury trial to be 10 days. Defendant anticipates the length of a jury trial to be 5 days.

## LIKELIHOOD OF ADDITIONAL PARTIES

Plaintiff may seek leave to amend to add additional parties, such as Banc of America Insurance Services, Inc. and/or Balboa Insurance Company.

Respectfully submitted,

Dated:   <u>September 15, 2011</u>    NICHOLS KASTER, PLLP

By: <u>s/Rebekah L. Bailey</u>
      Rebekah L. Bailey

|    |                              |                              |
|----|------------------------------|------------------------------|
| 1  |                              | NICHOLS KASTER, LLP          |
| 2  |                              | ERVIN, COHEN & JESSUP, LLP   |
| 3  |                              | **Attorneys for Plaintiff**  |
| 5  | Dated: September 15, 2011    | GOODWIN PROCTER, LLP         |
| 7  |                              | By: s/Matthew G. Lindenbaum  |
| 8  |                              | Matthew G. Lindenbaum        |
| 9  |                              | **Attorneys for Defendants** |