UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. SACV 11-00739-CJC(RNBx)                        Date: November 8, 2011

Title: <u>KENT FARMER v. BANK OF AMERICA, N.A., ET AL.</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

<u>Michelle Urie</u>                                            <u>    N/A    </u>
Deputy Clerk                                                 Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                 None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER** [filed 9/30/11]

Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* FED. R. CIV. P. 78; LOCAL RULE 7-15. Accordingly, the hearing set for November 14, 2011 at 1:30 p.m. is hereby vacated and off calendar.

**Introduction and Background**

Plaintiff Kent Farmer brought this class action suit on behalf of himself and a group of Texas borrowers, against Defendants Bank of America, N.A. ("BANA"), and BAC Home Loans Servicing, L.P. ("BAC") (collectively "Defendants"). On July 1, 2011 BAC merged with and into BANA, making BANA now the sole defendant, being sued for its actions as well as the successor in interest to BAC. Mr. Farmer's Third Amended Class Action Complaint alleges Texas law claims for breach of contract, fraud, and violation of the Texas Deceptive Trade Practices Act. He alleges that he and the other class members were forced to pay for and maintain hazard insurance coverage on their property against the explicit terms of their agreements with Defendants, and that Defendants either force placed these policies on members or sent them letters requiring the purchase of such insurance. He alleges these actions amounted to breach of contract and fraud. (Pl.'s Third Amended Compl. ¶ 2–4.) Mr. Farmer is a resident of Helotes, Texas, and the property relevant to his claims is also in Helotes. (Pl.'s Third Amended

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-00739-CJC(RNBx)　　　　　　　　　　　　Date: November 8, 2011
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

Compl. ¶ 6; Def.'s Mot. Transfer Venue, at 2.)  The absent members of the putative class are all individuals who took out loans on real property located in Texas.  BANA is national banking association with corporate headquarters in Charlotte, North Carolina.  During the time period relevant to this action, BAC was a Texas limited partnership with a principal place of business in Plano, Texas, and with limited and general partners headquartered in Calabasas, California.  (*See* Def.'s Req. Judicial Notice, Ex. 1.)  Although the parties do not dispute that venue is proper in this Court, BANA moves to transfer the case for the convenience of the parties and witnesses and in the interests of justice to the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1404(a).  For the reasons set forth below, BANA's motion to transfer is GRANTED.

**Analysis**

　　　　A district court has discretion to transfer a civil action "for the convenience of parties and witnesses, in the interest of justice" to "any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Under this statute, the three general factors a court looks to are the convenience of the parties, the convenience of the witnesses, and the interests of justice.  Whether a transfer is appropriate requires an individualized consideration of the parties' and witnesses' private interests as well as the public interests in litigating the case in a particular forum.  *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000) (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).  For the "interests of justice" factor, the Ninth Circuit set forth eight more specific, permissive factors that a court might consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.  *Jones,* 211 F.3d at 498–99; *Metz v. U.S. Life Ins. Co.*, 647 F. Supp. 2d 1141 (C.D. Cal. 2009) (noting that the *Jones* factors are to be considered under the general "interests of justice" factor).  The moving party bears the burden of demonstrating that transfer is appropriate.  *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (1979).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-00739-CJC(RNBx)	Date: November 8, 2011
Page 3

//

Ordinarily, because a plaintiff's choice of forum is entitled to deference, a defendant seeking to transfer a case must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). However, this choice receives less weight when the plaintiff is not a resident of his selected forum. *See Metz*, 674 F. Supp. 2d at 1146; *Saleh*, 361 F. Supp. 2d at 1158 (citing *Ravelo Monegro v. Rosa*, 211 F.3d 509 (9th Cir. 2000)); *Pfeiffer v. Himax Techs., Inc.*, 530 F. Supp. 2d 1121, 1124 (C.D. Cal. 2008). Moreover, such deference is inappropriate in the case of a class action where the putative class members have no asserted connection to the representative plaintiff's chosen forum. *See Metz*, 674 F. Supp. 2d at 1147; *Saleh*, 361 F. Supp. 2d at 1157. In *Koster v. Lumbermens Mut. Cas. Co.*, the Supreme Court stated, in the context of a shareholder derivative suit, that "where there are hundreds of potential plaintiffs, all equally entitled voluntarily to invest themselves with the . . . cause of action and all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened." 330 U.S. 518 (1947). Based on this reasoning, a plaintiff's chosen forum in a class action is even weaker when neither he nor the putative class appears to have connection to the chosen forum.

The parties do not dispute that this action could have been filed in the Western District of Texas. The district court has personal jurisdiction over BANA, because BANA admits that it regularly conducts business in Texas, and has loan servicing facilities in Texas. BANA also admits that BAC is subject to the jurisdiction of the court in the Western district of Texas because it had a principal place of business in Plano, Texas during the time period relevant to this action, and serviced loans in Texas. (Def.'s Mot. Transfer Venue, at 2.) Venue is also proper because Mr. Farmer's property that is the subject of this action is in the Western District of Texas. 28 U.S.C. 1391(a).

BANA has shown that convenience of the parties and witnesses and the interests of justice favor transferring this case to the Western District of Texas. First, the "interests of justice" factor strongly favors transfer to Texas. This Court recently held that when the law of another forum governs a dispute that factor weighs "heavily" in favor of transfer. *See Global Décor, Inc. v. Cincinnati Ins. Co.*, 2011 WL 2437236. Mr. Farmer has only brought Texas state law claims; there are no issues of either Federal or California law. Accordingly, a Texas district court is better suited to addressing issues of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-00739-CJC(RNBx)                                    Date: November 8, 2011
                                                                     Page 4

---

Texas state law, and has a significantly greater interest in resolving this dispute than does California. Additionally, Mr. Farmer's mortgage appears to have been executed in Texas, the suit concerns insurance taken out on Texas property, Mr. Farmer is a Texas citizen, and all of the putative class members, by definition, have loans on Texas property that form the basis of the suit. California has little to no connection with this case, and hearing it would "place an unnecessary burden on jurors in this district to hear this action." *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1167 (S.D. Cal. 2005).

Second, the "convenience of the parties" factor favors Texas, in spite of Mr. Farmer's choice of a California forum, because Mr. Farmer has sued as the representative of a putative class of "hundreds, if not thousands" of Texas borrowers, that is individuals who took out mortgages on real property in Texas. Additionally, Mr. Farmer is himself a resident of Texas, and based on this motion BANA prefers Texas. While ordinarily a plaintiff's choice of forum is entitled to deference, such deference is unwarranted here because Mr. Farmer is not a resident of his selected forum, his selected forum has little to no relationship to his suit, and, most importantly, he seeks to litigate on behalf of numerous individuals whose causes of action are based on Texas property loans. Finally, although originally there were defendants who could be deemed California citizens based on corporate headquarters, the only remaining defendant, BANA, is headquartered in North Carolina.

Finally, neither party has presented sufficient evidence to establish whether the convenience of the witnesses favors Texas or California. BANA asserts, with neither supporting exhibits nor declarations, that witnesses will be required from both California and Texas, and that there will be few non-party witnesses. In attacking this assertion, Mr. Farmer identifies only one material, non-party witness located in California, the insurer. Based on the facts asserted in the complaint, it appears likely that there are relevant non-party witnesses in both California and Texas. Accordingly, convenience of the witnesses is a neutral factor.

**Conclusion**

In sum, Defendants have shown that the "interest of justice" factor clearly favors Texas. The "convenience of the parties" factor slightly favors Texas, given that the defining characteristic of the class members is having a Texas mortgage or real property loan, and Mr. Farmer's forum choice is not entitled to deference in this case. Finally, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-00739-CJC(RNBx)                     Date: November 8, 2011
                                                     Page 5

"convenience of witnesses" factor is neutral. Accordingly, the Court is persuaded that the convenience of the parties and witnesses, and the interests of justice require transferring the case to the Western District of Texas. BANA's motion to transfer is GRANTED.


jsk

MINUTES FORM 11
CIVIL-GEN                                            Initials of Deputy Clerk MU